**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Yousef Elamri Kadmiri,

Plaintiff,

v.

MGM Grand Resorts International, et al.,

Defendants.

Case No. 2:26-cv-00789-JAD-DJA

**Order and Report and Recommendation**

On April 20, 2026, the Court ordered pro se Plaintiff Yousef Elamri Kadmiri to either file an application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee) or pay the filing fee on or before May 20, 2026. (ECF No. 3). Kadmiri missed that deadline and, to date, has not filed anything further on the docket. So, the Court recommends dismissal of this case without prejudice. A dismissal without prejudice allows Kadmiri to refile a case with the Court, under a new case number.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Kadmiri has not complied with the Court's order, the Court recommends dismissal of Kadmiri's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR[1] IA 11-8(e)

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

(providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process requirements"). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Kadmiri's failure to properly initiate this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Kadmiri's failure to initiate this action or comply with the Court's order. The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it because witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Kadmiri, but does not outweigh the other factors. Fifth, lesser sanctions are not available if Kadmiri will not comply with Court orders. So, the Court recommends dismissing this case without prejudice.

## ORDER

**IT IS ORDERED** that the Clerk of Court is kindly directed to send Kadmiri a copy of this report and recommendation.

## RECOMMENDATION

**IT IS RECOMMENDED** that this case be **dismissed without prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief

the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 6, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE